CHICAGO AND ERIE RAILROAD COMPANY v. STEELE.

[No. 22,577. Filed March 4, 1915. Rehearing denied June 24, 1915.]

1. MASTER AND SERVANT.—*Injuries to Servant.—Evidence.—Liability Under Federal Employer's Liability Act.*—In an action by a railroad employe for injuries sustained while employed with a crew in constructing a railroad track for defendant parallel to its track on which it was operating trains engaged in interstate commerce, evidence showing that the work train on which plaintiff was employed, while operated upon the existing track was operated between points wholly within the State, and that the track under construction had not been used for any purpose, though it was defendant's intention to use same in interstate commerce when completed, was insufficient to establish a liability against defendant under the provisions of the Federal Employer's Liability Act. p. 446.

2. APPEAL.—*Review.—Disposition of Cause.*—In a railroad employe's action for personal injuries brought under the Federal Employer's Liability Act, based on a charge of negligence, that could support a verdict regardless of such act, and the evidence shows no liability either under the Federal Act or under §8020b Burns 1914, Acts 1911 p. 145, there can be no affirmance under §700 Burns 1914, §658 R. S. 1881, providing that no judgment shall be reversed where it appears that the case has been fairly tried on its merits, unless it affirmatively appears that a fair trial was had on the issue of contributory negligence, as well as upon the issue of negligence, since aside from the Federal Act and §8020b Burns 1914, there can be no recovery by a railroad employe guilty of contributory negligence. p. 447.

3. APPEAL.—*Review.—Disposition of Cause.*—In an action under the Federal Employer's Liability Act, charging negligence that would ·support a verdict for plaintiff regardless of such act, where it appeared from the evidence that there was no liability under such act, and there was evidence to warrant a finding either way on the subject of contributory negligence the court can not say that a fair trial had been had so as to warrant an affirmance under §700 Burns 1914, §658 R. S. 1881, in view of the fact that the court instructed the jury that contributory negligence would not bar a recovery under the Federal Act, and also instructed that plaintiff could not recover if guilty of any contributory negligence and that he had the burden of proving freedom from contributory negligence. p. 448.

From Allen Circuit Court; *J. W. Eggeman*, Judge.

Action by Edwin H. Steele against the Chicago and Erie

Railroad Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*W. A. Johnson,' W. M. Johnson, C. K. Lucas* and *Walter Olds,* for appellant.

*Fred H. Bowers, Milo N. Feightner* and *John Aiken,* for appellee.

MORRIS, J.—Action by appellee against appellant for damages for injuries resulting from alleged negligence of appellant in the movement, on July 3, 1912, of its cars on its tracks, in the city of Rochester, Indiana, while appellee, as a brakeman, pursuant to orders of his conductor, was passing along the track for the purpose of opening a switch. The complaint alleges that appellant was engaged in interstate commerce and that when injured appellee was employed by it in such commerce. Appellant contends that the trial court erred in overruling its demurrer to the complaint. We are of the opinion that the complaint is sufficient. There was a trial by jury and verdict and judgment for appellee in the sum of $7,025.50. A motion for a new trial, based on alleged error in the giving and refusing of requested instructions, and on the insufficiency of the evidence, was overruled, and this action is assigned as error.

At appellee's request the court instructed the jury that the complaint was based on the act of Congress of April 22, 1908, commonly known as the Federal Employer's Liability Act, and that a recovery could not be had unless the jury found from the evidence that appellee was employed in interstate commerce; but that if so employed, appellee was entitled to recover, if the other material averments were proven, notwithstanding his guilt of contributory negligence, if shown; that in the latter event the damages awarded should be diminished in proportion to the amount of appellee's contributory negligence. The complaint involved no question in relation to a violation, by appellant, of any Federal statute enacted for the safety of employes.

By its requested instruction No. 23 appellant sought a direction to the jury that there was no evidence to warrant a finding that, appellee was employed in interstate commerce when injured. The request was refused, and appellant earnestly contends that the court erred because, as claimed, there is a total lack of evidence to support a finding for appellee under the provisions of the Federal Employer's Liability Act.

There is no controversy in relation to the evidence on this subject. Appellant, at the time of the injury, was engaged in both interstate and intrastate commerce. The injury occurred in its yards near Rochester, Indiana. Appellant was constructing, in the vicinity of that city, another track for its railroad, so that, when completed, it might have a double, instead of a single, track railway. Appellee was one of a train crew employed on a work train engaged in hauling railroad ties for distribution along the right of way, which ties were intended to be used on the grade of the proposed second track; the grade was not then finished. The work train moved along the rails of the existing track, which was then used in interstate commerce, and the ties were thrown to the side along the line of the new grade. The operation of the work train was wholly in this State, and no part of the proposed track had been used for any purpose, but when the same might have been completed it was intended by appellant to use the same in interstate commerce.

We are constrained to hold with appellant in its contention. The Federal act in question provides "That every common carrier by railroad while engaged in commerce between any of the several states  *  *  *  shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce  *  *  *." Under this act it was held by the Supreme Court of the United States in *Pedersen* v. *Delaware, etc., R. Co.* (1913), 229 U. S. 146, 33 Sup. St. 648, 57 L. Ed. 1125, Ann. Cas. 1914 C 153, that

an interstate carrier was liable for injuries sustained by an employe while he was engaged in the repair of a bridge that had been and was being used by the carrier in the operation of an interstate railroad. The following appears in the opinion: "The true test always is: Is the work in question a part of the interstate commerce in which the carrier is engaged? * * * Of course, we are not here concerned with the *construction of tracks, bridges, engines or cars which have not as yet become instrumentalities in such commerce,* but only with the work of maintaining them in proper condition *after they have become such instrumentalities, and during their use as such."* (Italics ours.) Appellee relies especially on this case, and, while it comes nearer to an application to his theory than any other one cited, it is manifest, that when the above test is applied to the facts here it must be held that appellee was not employed in interstate commerce when he was injured. The proposed new track had never been used for any kind of traffic, and might never have been completed so as to be used in any kind of commerce. See *Illinois Cent. R. Co.* v. *Behrens* (1914), 233 U. S. 473, 34 Sup. Ct. 646, 58 L. Ed. 1051, Ann. Cas. 1914 C 163 and note, 164.

While appellee was not entitled to recover under the Federal act, it is provided by §700 Burns 1914, §658 R. S. 1881,
that no judgment shall be reversed where it appears
2.  that the case has been fairly tried on its merits. The
negligent acts pleaded here might support a verdict for appellee regardless of the existence of the Federal act. *Southern R. Co.* v. *Howerton* (1914), 182 Ind. 208, 105 N. E. 1025, 106 N. E. 369. If the judgment can be affirmed it must affirmatively appear that appellant has had a fair trial, under the evidence and instructions, on the issue of contributory negligence. The complaint alleges that the injury resulted from appellee's obedience of an order of his conductor which he was obliged to obey, and that at such time appellant had in its employ more than five persons. In

such case, by reason of the provisions of §2 of the Indiana Employer's Liability Act of 1911 (Acts 1911 p. 145, §8020b Burns 1914), appellee would not have been held guilty of contributory negligence. *Vandalia R. Co.* v. *Stillwell* (1914), 181 Ind. 267, 104 N. E. 289. The evidence, however, would not warrant a finding that appellee, when injured, was carrying into effect any order of the conductor, but it does show that when injured he was engaged in work within the general scope of his employment. Aside from said act of 1911 we have no State law which permits a recovery by a railroad employe guilty of contributory negligence. *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1904), 163 Ind. 247, 71 N. E. 218, 660.

After instructing the jury pursuant to the provisions of the Federal act that a recovery would not be barred because of the contributory negligence of appellee, the court 3. further, at appellant's request, instructed the jury that the plaintiff could not recover if guilty of any contributory negligence, and, by a subsequent instruction the jury was informed that the burden of proving freedom from contributory negligence was on appellee. The latter instruction was, of course, erroneous under the act of 1899. Acts 1899 p. 58, §362 Burns 1914.

The evidence would have warranted the jury in finding the plaintiff guilty of contributory negligence; it would also have warranted a contrary one. The verdict was general. It may have been found by the jury that the plaintiff was free of contributory negligence, or it may have found that he was guilty but yet entitled to recover under the court's instructions given at appellee's request on the theory of liability under the Federal act. The record does not affirmatively show that appellant had a fair trial on the question of contributory negligence and the judgment must be reversed because of error in refusing appellant's requested instruction No. 23. Judgment reversed with instructions to sustain the motion for a new trial.

Erwin, J., not participating.

NOTE.—Reported in 108 N. E. 4. As to what is contributory negligence and under what circumstances it prevents recovery, see 8 Am. St. 849. As to when employes are deemed to be engaged in interstate commerce within the Federal Employer's Liability Act, see 47 L. R. A. (N. S.) 52. As to employe entitled to protection under Federal Employer's Liability Act, see Ann. Cas. 1914 C 164. See, also, under (1) 7 Cyc. 1915 Anno. 427-31; (2) 26 Cyc. 1226; (3) 26 Cyc. 1507.