# CHARLESTON.

## G. L. McKee, Admr. v. Ohio Valley Electric Ry. Co.

### Submitted March 28, 1916.    Decided April 4, 1916.

1. COMMERCE—*Injuries to Servant—Employers' Liability Act.*

    To have right of recovery for an injury, under the Federal Employers' Liability Act, the employe, at the time of the injury, must have been in the employ of a common carrier by railroad, engaged in interstate commerce, and the work in which he was engaged at that time must have been work in such commerce. (p. 132).

2. SAME.

    An employe of such a carrier, working in an excavation under a wooden trestle on which the employer's track crosses a small stream and near the supporting timbers thereof, intended for an abutment of a steel bridge to take the place of the trestle and to be used in lieu thereof, when completed, and not repairing or altering the trestle nor otherwise engaged in work on it, or the track or anything else actually used in the operation of the railroad, is not within the protection of said statute, and, for his death occasioned by negligence of his employer, no recovery can be had under or by virtue thereof. His right of action arises under the State statute giving damages for death by wrongful act. (p. 133).

3. MASTER AND SERVANT—*Injuries to Servant—Actions—Questions for Jury.*

    Whether the foot of a perpendicular, unbraced and unsupported earth wall thirteen or fourteen feet high, composed of firm, hard earth, but subject to vibration caused by the passing of electric railway cars over it at frequent intervals, is an unsafe place to work, may be submitted to a jury for determination, in an action in which there is right of recovery against the master for failure to exercise diligence to provide his servant a reasonably safe place for work. (p. 136).

4. Trial—*Instructions—Applicability to Case.*

When, for any reason, a plaintiff has no right to recover, it is error to give instructions conditionally authorizing a finding in his favor, and also to refuse to give a peremptory instruction to find for the defendant. (p. 135).

Error to Circuit Court, Cabell County.

Action by G. L. McKee, administrator, against the Ohio Valley Electric Railway Company. Judgment for plaintiff, and defendant brings error.

*Reversed, and new trial allowed.*

*Vinson & Thompson,* for plaintiff in error.

*Daugherty & Riggs,* for defendant in error.

Poffenbarger, Judge:

Cecil C. Perdue, plaintiff's intestate, at the time of his injury an employee of the defendant, an interstate carrier, was killed by a fall of earth, while working in an excavation made for an abutment of a bridge designed and intended to carry the tracks of the defendant's railway over a stream in Cabell County, known as Four Pole Creek; and, in an action of trespass on the case, a judgment for $6,000.00 has been recovered on account of his death, as for damages given by the Federal Employers' Liability Act.

The legal status of the defendant is conceded. It operates an interurban electric railway extending from the City of Huntington, West Virginia, to Ashland, Kentucky. Nor is the relation of employer and employee denied. That Perdue was not, at the time of the injury which occasioned his death, engaged in interstate work, is the principal ground of defense, and lack of right of recovery under the statute referred to, if he was not then so engaged, is frankly admitted.

To warrant recovery, the employer must be a railroad company engaged in interstate commerce and the employee must be engaged in such commerce at the time of the injury. These two circumstances must exist, because the right is purely statutory and the terms of the statute require their concurrence. *Del. Lack & West. R. Co.* v. *Yurkonis,* 238 U. S.

439; *Pederson* v. *Del. Lack. & West. R. Co.,* 229 U. S. 146; *Second Employers' Liability Cases,* 223 U. S., 51; *Ill. Cent. R. Co.* v. *Behrens,* 233 U. S., 473.

Employment or work in interstate commerce is not limited or restricted, for the purposes of the act, to employment or work in actual interstate transportation. Its scope includes that and also work in the operation or repair of cars, engines, appliances, machinery, tracks, roadbeds, works, boats, wharves and other equipment actually used in interstate commerce. *Pedersen* v. *Del. Lack. & West. R. Co.,* cited; *Columbia & P. S. R. Co.* v. *Sauter,* 223 Fed. Rep., 604; *Lamphere* v. *Oregon R. & N. Co.,* 196 Fed. Rep., 336; *N. Pacific Ry. Co.* v. *Maerkl,* 198 Fed. Rep., 1.

Perdue was not doing any work on any structure or other instrumentality in actual railway use, at the time of his injury. Hence, unless the work he was doing was so intimately connected with something else actually used at the time, as to make it a part thereof, he was not, in the legal sense of the terms, engaged in interstate commerce. At that time, the cars in use were operated, at the place at which he was at work, over a wooden trestle spanning the creek. He worked in an excavation made under that trestle and near the supporting timbers thereof, for the west abutment or pier of a new steel bridge then to be erected, or in process of erection, which, when completed, was to take the place of the trestle and be used in lieu thereof. It does not appear that any part of the new bridge had yet been placed on its piers. The east abutment and the column piers had been completed. The trestle seems still to have rested entirely on its original supports, unless some of them had been removed to make room for work in the construction of the abutment and replaced by long girders reaching from the remaining portion of the trestle to the bank at each end. If so, it rested in part on such girders. Such an alteration seems to have been made, but the evidence as to whether it was or not, is indefinite; but, if so, Perdue's work did not pertain, extend to nor touch the girders, the original trestle work, the track, the cars nor anything else then actually used in transportation. Nor was the purpose of the work on which he was engaged a temporary structure or

work designed to release or extricate interstate trains, cars, shipments or traffic from obstruction or blockade, or to restore interstate traffic or transportation that had been interrupted or temporarily discontinued by accident or otherwise. Only in respect of its intended use and the status or character of the company by which it was performed, did the work bear any relation to interstate commerce.

The facts and circumstances disclosed by the evidence obviously do not bring the case within the letter of the statute. Nor do any precedents cited or found place it within the spirit thereof. In the Pedersen case, the workman was engaged in carrying bolts to be used in the repair of a bridge in actual use. Though the bolts were not then in use as a part of the structure, the carrying thereof was deemed to be an incident or part of the work of repair. In other words, the carrying of the bolts was repair work on the bridge. The workman whose wrongful death constituted the cause of action in *Columbia & P. S. R. Co.* v. *Sauter,* cited, was killed while engaged in the construction of a temporary bridge intended and designed to restore interstate and intrastate traffic which had been interrupted and broken by injury to two bridges over a river, belonging to two separate roads, by a freshet, the two roads joining in the erection of the temporary bridge and intending to use it in common, until the reconstruction of their own separate bridges. The judgment holding the case to be within the statute, was rendered by an inferior court, is not binding authority here, is subject to review and may be reversed. It was rendered less than a year ago and a writ of error to it may be pending. But, if it were binding authority, the circumstances brought the workman into a closer relation with interstate commerce than that of the decedent in this case. His work was restoration of preexisting, but interrupted or broken, interstate commerce. Even that, if sufficient, can not be predicated of the workman for whose death this action was brought. *Johnson* v. *Great Northern Ry. Co.,* 178 Fed. Rep., 643, was similar to the Pedersen case in that the car on which the workman was engaged at the time of his injury, was used in interstate commerce. It had a defective coupler

which he was attempting to repair, when he was injured by movement of the train of which it constituted a part.

That cases of the character of this one are not within the act is strongly intimated in the Pedersen case, in these terms: "Of course, we are not here concerned with the construction of tracks, bridges, engines or cars which have not as yet become instrumentalities in such commerce, but only with the work of maintaining them in proper condition after they have become such instrumentalities and during their use as such." That direct, immediate and actual relation of the work being done to such commerce is essential to right of recovery, is shown by the decision in *Ill. Cent. R. Co.* v. *Behrens,* 233 U. S., 473, holding: "An employee of a carrier in interstate commerce by railroad who is engaged on a switch engine in moving several cars all loaded with intrastate freight from one point in a city to another in the same city is not engaged in interstate commerce and an injury then sustained is not within the Employers' Liability Act of 1908. The fact that an employee engaged in intrastate service expects, upon completion of that task, to engage in another which is a part of interstate commerce, is immaterial under the Employers' Liability Act of 1908 and will not bring the action under that act." Similarly, it was held in *Del. Lack. & West. R. Co.* v. *Yurkonis,* 238 U. S., 440: "The fact that coal may be used in interstate commerce after being mined and transported does not make an injury sustained by the miner an injury sustained while engaged in interstate commerce, or create a cause of action under the Federal Employers' Liability Act."

The act, as we interpret it in the light of the precedents found in the decisions of the federal courts, is not broad enough to bring an employee in such work as the evidence shows Perdue was doing, within its protection and benefits. Hence, the court erroneously refused to give a peremptory instruction to find for the defendant. In view of this total lack of evidence to prove a vital element in the case, it likewise erred in giving the two instructions asked for by the plaintiff. Both erroneously assumed the existence of evidence tending to prove right of recovery. For the same reason, the motion to set aside the verdict should have been sustained.

As there may be a new trial of the case it is deemed advisable to pass upon the sufficiency of the evidence to warrant submission to the jury, of the question of negligence on the part of the employer or its foreman in charge of the work. The firmness of the ground in which the excavation was made might have precluded it, if the evidence had not proved the running of cars over the trestle resting in part on the bank only a few feet from the excavation, at frequent intervals, during the progress of the work, which no doubt caused sufficient vibration to render a perpendicular and unbraced wall of even hard and firm earth, thirteen or fourteen feet high, dangerous to a man engaged in work at the foot thereof.

For reasons stated, the judgment will be reversed, the verdict set aside and a new trial allowed.

*Reversed, and new trial allowed.*