(March 26, 1918.)

## WILLIAM KINZELL, Respondent, v. CHICAGO, MIL-WAUKEE & St. PAUL RAILWAY COMPANY, a Corporation, Appellant.

### [171 Pac. 1136.]

MASTER AND SERVANT—INTERSTATE COMMERCE—FEDERAL EMPLOYERS' LIABILITY ACT.

   1. A laborer employed in the construction of a fill beneath a wooden trestle, which when completed was intended to take the place of the trestle and to support the track of a railroad company engaged in the transportation of both intrastate and interstate commerce, is not engaged in interstate commerce so as to entitle him to maintain an action for personal injuries under the federal employers' liability act of April 22, 1908, chap. 149, 35 Stats. at L. 65.

   [As to employees entitled to protection under federal employers' liability act, see note in Ann. Cas. 1916E, 472.]

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. William W. Woods, Judge.

Action for damages for personal injuries. Judgment for plaintiff. *Reversed.*

Geo. W. Korte and Robt. Elder, for Appellant.

The nature of the work must be the premise upon which the decision will rest whether plaintiff was performing a service in interstate commerce at the time he was hurt. If it is conceded that the making of the embankment as a substitute for the wooden trestle was new work, unrelated to the wooden trestle itself, it follows that the incidental work of widening the fill by means of the dozer machine or hand shovels is a part of that work and can have no relation to the

On constitutionality, application and effect of federal employers' liability act, see notes in 47 L. R. A., N. S., 38; L. R. A. 1915C, 47.

up-keep or repair or condition of the main track over which interstate trains moved. (*Howard v. Illinois Cent. R. Co.*, 207 U. S. 463, 28 Sup. Ct. 141, 52 L. ed. 297; *Pedersen v. Delaware, L. & W. R. Co.*, 229 U. S. 146, Ann. Cas. 1914C, 153, 33 Sup. Ct. 648, 57 L. ed. 1125, 3 N. C. C. A. 779; *Shanks v. Delaware, L. & W. R. Co.*, 239 U. S. 556, 36 Sup. Ct. 188, 60 L. ed. 436, L. R. A. 1916C, 797; *Chicago B. & Q. R. Co. v. Harrington*, 241 U. S. 177, 36 Sup. Ct. 517, 60 L. ed. 941, 11 N. C. C. A. 992; *Illinois Cent. Ry. Co. v. Behrens*, 233 U. S. 473, Ann. Cas. 1914C, 163, 34 Sup. Ct. 646, 58 L. ed. 1051, 10 N. C. C. A. 153; *Bravis v. Chicago, M. & St. P. R. Co.*, 217 Fed. 234, 133 C. C. A. 228; *Jackson v. Board* (Ill.), 117 N. E. 705; *Erie R. R. Co. v. Winfield*, 244 U. S. 170, 37 Sup. Ct. 556, 61 L. ed. 1057.)

A temporary use of the tracks by construction material or by construction trains is not interstate commerce. (*Illinois Cent. Ry. Co. v. Kelly*, 167 Ky. 745, 181 S. W. 375; *Zavitowsky v. Railway Co.*, 161 Wis. 461, 154 N. W. 974.)

The national supreme court has excluded from the act all employees except those actually connected with trains carrying interstate freight and those engaged in repair work "immediately productive of the maintenance or repair of intimately connected and essential, indispensable features of interstate commerce." (*Louisville & N. R. Co. v. Carter*, 195 Ala. 382, Ann. Cas. 1917A, 292, 70 So. 655; *Castonguay v. Grand Trunk Ry.* (Vt.), 100 Atl. 908; *Delaware, L. & W. Ry. Co. v. Yurkonis*, 238 U. S. 439, 35 Sup. Ct. 902, 59 L. ed. 1397; *Illinois Cent. Ry. Co. v. Cousins*, 241 U. S. 641, 36 Sup. Ct. 446, 60 L. ed. 1216; *Minneapolis & St. Louis Ry. Co. v. Nash*, 242 U. S. 619, 37 Sup. Ct. 239, 61 L. ed. 531; *Raymond v. Chicago, M. & St. P. Ry. Co.*, 243 U. S. 43, 37 Sup. Ct. 268, 61 L. ed. 583; *New York Cent. Ry. Co. v. White*, 243 U. S. 188, 37 Sup. Ct. 247, 61 L. ed. 667, L. R. A. 1917D, 1; *Minneapolis & St. L. Ry. Co. v. Winters*, 242 U. S. 353, 37 Sup. Ct. 170, 61 L. ed. 358; *Lehigh Valley Ry. Co. v. Barlow*, 244 U. S. 183, 37 Sup. Ct. 515, 61 L. ed. 1070; *Illinois Cent. Ry. Co. v. Peery*, 242 U. S. 292, 37 Sup. Ct. 122, 61 L. ed. 309;

*Baltimore & O. Ry. Co. v. Branson*, 242 U. S. 623, 37 Sup. Ct. 244, 61 L. ed. 534; *Killes v. Great Northern Ry. Co.*, 93 Wash. 416, 161 Pac. 69; *Yazoo & M. V. R. Co. v. Houston*, 114 Miss. 888, 75 So. 690; *McKee v. Ohio etc. Ry. Co.*, 78 W. Va. 131, 88 S. E. 616; *Chicago & Erie Ry. Co. v. Steele*, 183 Ind. 444, 108 N. E. 4; *Dickinson v. Industrial Board*, 280 Ill. 342, 117 N. E. 438; *Barnett v. Coal & Coke Ry. Co.* (W. Va.), 94 S. E. 150; *Alexander v. Great Northern R. Co.*, 51 Mont. 565, 154 Pac. 914; *Missouri, Kansas & Texas Ry. Co. v. Watson* (Tex. Civ.), 195 S. W. 1177; *Karras v. Chicago & N. W. R. Co.*, 165 Wis. 578, 162 N. W. 923; *Sullivan v. Chicago, M. & St. P. R. Co.*, 163 Wis. 583, 158 N. W. 321; *Pierson v. New York, S. & W. R. Co.*, 83 N. J. L. 661, 85 Atl. 233; *Cincinnati, N. O. & T. P. R. Co. v. Hansford*, 173 Ky. 126, 190 S. W. 690; *Salmon v. Southern R. Co.*, 133 Tenn. 223, 180 S. W. 165; *Schaeffer v. Illinois Cent. R. Co.*, 172 Ky. 337, 189 S. W. 237; *Sullivan v. Chicago, M. & St. P. R. Co.*, 163 Wis. 583, 158 N. W. 321; *Gallagher v. New York etc. Ry. Co.*, 180 App. Div. 88, 167 N. Y. Supp. 480; *Washington etc. Ry. Co. v. Owens* (M'd.), 101 Atl. 532; *Central Ry. Co. v. Paslick*, 239 Fed. 713, 152 C. C. A. 547; *Kelly v. Pennsylvania Ry. Co.*, 238 Fed. 95, 151 C. C. A. 171.)

John P. Gray, W. D. Keeton, W. F. McNaughton and James A. Wayne, for Respondent.

The distinction between those cases in which the employee is at the time of his injury engaged in work the doing of which, or the failure to do which, might either hinder or expedite interstate commerce, and those cases where the instant work is not even remotely connected with such commerce is clearly drawn in *Louisville & N. R. Co. v. Parker*, 242 U. S. 13, 37 Sup. Ct. 4, 61 L. ed. 119.

The Pedersen case is decisive in favor of the right of Kinzell to recover in the present case, as the work was not being done independently of the interstate commerce in which the defendant was engaged, but was so closely connected therewith as to be a part of it. (*Pedersen v. Delaware, L.*

& W. R. Co., 229 U. S. 146, Ann. Cas. 1914C, 153, 33 Sup. Ct. 648, 57 L. ed. 1125, 3 N. C. C. A. 779; *San Pedro etc. R. Co. v. Davide*, 210 Fed. 870, 127 C. C. A. 454; *Philadelphia etc. R. Co. v. McConnell*, 228 Fed. 263, 142 C. C. A. 555; *Tralich v. Chicago, M. & St. P. Ry. Co.*, 217 Fed. 675; *Louisville & N. R. Co. v. Carter*, 195 Ala. 382, Ann. Cas. 1917A, 292, 70 So. 655.)

Kinzell was engaged not so much in *preparing* an agency for immediate use in interstate commerce as in *maintaining* that agency in usable condition for such commerce, while changes were being made. (*Thompson v. Cincinnati, N. O. T. P. Ry. Co.*, 165 Ky. 256, Ann. Cas. 1917A, 1266, 176 S. W. 1006; *Holmberg v. Lake Shore & M. S. R. Co.*, 188 Mich. 605, 155 N. W. 504; *Lombardo v. Boston & M. R. R.*, 223 Fed. 427; *Columbia & P. S. R. Co. v. Sauter*, 223 Fed. 604, 139 C. C. A. 150.)

The work of ultimately substituting a fill in place of bridge 140 in this case required new construction work, but it was nevertheless a betterment and improvement of an instrumentality used by the defendant as an agency in carrying on its interstate commerce. (*Ross v. Sheldon*, 176 Iowa, 618, 154 N. W. 499; *Truesdell v. Chesapeake & O. R. Co.*, 159 Ky. 718, 169 S. W. 471; *Saunders v. Southern R. Co.*, 167 N. C. 375, 83 S. E. 573; *Grow v. Oregon Short Line R. Co.*, 44 Utah, 160, Ann. Cas. 1915B, 481, 138 Pac. 398.)

RICE, J.—William Kinzell brought this action to recover damages for personal injuries received by him while in the employ of a railway company engaged in both intrastate and interstate commerce. The injuries complained of were received in the state of Washington while appellant was engaged in constructing a dirt fill beneath a wooden trestle, known as bridge No. 140, near the town of Ewan, Wash., which fill was intended eventually to support the track. The material with which the fill was being constructed was obtained from new construction work entirely within the state of Washington, and no question of interstate commerce was thereby involved. The fill had progressed to the extent that

it had in places reached the railroad ties and it had become necessary, after dumping the cars of dirt, to use what is known as a "bulldozer" to spread the dirt away from the track and thereby widen the fill. The bulldozer employed in this case was a flat-car with adjustable wings extending on either side from a point slightly over each rail and spreading out toward the back of the car.

The principal duty of respondent was to adjust these wings, and at times when they were waiting for another trainload of dirt, he and Hyram Lee, another employee upon the dozer, used shovels to clean out the rocks that lodged between the tracks. The dirt was being brought to the fill by means of two trains of about twenty-five "air-dump" cars each. When the train approached the bridge it would couple on to the dozer and proceed to the place where the dirt was to be dumped. After dumping the dirt the cars would be righted and the train would start back, pulling the dozer after it. The wings of the dozer would level down the dirt dumped, spreading it away from the track and thus widen the fill.

At the time of his injury, respondent was standing on the front of the dozer waiting for the dirt train to couple on. While he was waiting he was looking over the fill to determine where this trainload of dirt should be dumped. He contends that through negligence of the appellant, the train was going at so great a rate of speed when it coupled on to the dozer that it broke his hold on the cross-rods and crank-shaft and threw him violently to the ground between the wheels of the head car and injured him severely.

Before the trial of this case appellant moved to have the respondent make an election of remedies, and respondent elected to bring his case under the federal employers' liability act, 35 Stats. at L., chap. 149, p. 65, the material part of which is as follows:

"That every common carrier by railroad while engaging in commerce between any of the several states . . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce . . . . for such injury resulting in whole or in part from the negligence

of any of the officers, agents' or employees of such carrier, or by reason of any defect or insufficiency due to its negligence in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharfs or other equipment.''

While a number of errors are assigned which appear to be worthy of careful consideration, the question which will dispose of the case, according to the conclusion we have reached, is whether respondent was within the terms of the act at the time the injury occurred. The other matters presented will not, therefore, be discussed in this opinion.

Respondent suggests that the act is remedial in its character and should be so construed as to prevent the mischief and advance the remedy. (Citing, *St. Louis etc. R. Co. v. Conley,* 187 Fed. 949, 110 C. C. A. 97; *Bolch v. Chicago, M. & St. P. R. Co.,* 90 Wash. 47, 155 Pac. 422.) The construction of the act, however, does not admit of any discretion on the part of the court, nor are the rules of strict or liberal construction applicable.

The sole question presented by this feature of the case is whether respondent was engaged in interstate commerce at the time the accident occurred, and therefore has a cause of action arising under the federal statute, or whether he must seek his remedy under the workmen's compensation act of the state of Washington. (*Raymond v. Chicago, M. & St. P. R. Co.,* 243 U. S. 43, 37 Sup. Ct. 268, 61 L. ed. 583.)

Many cases have arisen in which the courts have been called upon to lay down rules by which this question shall be determined. It is held that the employee must at the time of his injury be employed in interstate commerce. (*Illinois Cent. R. Co. v. Behrens,* 233 U. S. 473, Ann. Cas. 1914C, 163, 34 Sup. Ct. 646, 58 L. ed. 1051, 10 N. C. C. A. 153; *Shanks v. Delaware, L. & W. R. Co.,* 239 U. S. 556, 36 Sup. Ct. 188, 60 L. ed. 436, L. R. A. 1916C, 797.)

In the last cited case it is said: ''Having in mind the nature and usual course of the business to which the act relates, and the evident purpose of Congress in adopting the act, we think it speaks of interstate commerce, not in a technical legal sense,

but in a practical one better suited to the occasion (see *Swift & Co. v. United States,* 196 U. S. 375, 398, 25 Sup. Ct. 276, 49 L. ed. 518, 525), and that the true test of employment in such commerce in the sense intended, is, was the employee at the time of the injury engaged in interstate transportation, or in work so closely related to it as to be practically a part of it?"

Applying the test, it is held that one engaged in repairing or keeping in usable condition a roadbed, bridge, engine, car or other instrument then in use in such transportation, is engaged in interstate commerce. (*Pedersen v. Delaware, L. & W. R. Co.,* 229 U. S. 146, Ann. Cas. 1914C, 153, 33 Sup. Ct. 648, 57 L. ed. 1125, 3 N. C. C. A. 779; *San Pedro etc. R. Co. v. Davide,* 210 Fed. 870, 127 C. C. A. 454; *Philadelphia etc. R. Co. v. McConnell,* 228 Fed. 263, 142 C. C. A. 555; *Southern Ry. Co. v. McGuin,* 240 Fed. 649, 153 C. C. A. 447; *Cincinnati Ry. Co. v. Hall,* 243 Fed. 76, 155 C. C. A. 606.)

So, also, one engaged in an act incidental to his employment in interstate transportation comes within the provisions of the act. (*Erie R. Co. v. Winfield,* 244 U. S. 170, 37 Sup. Ct. 556, 61 L. ed. 1057; *Louisville etc. R. Co. v. Parker,* 242 U. S. 13, 37 Sup. Ct. 4, 61 L. ed. 119; *New York, C. & H. R. R. Co. v. Carr,* 238 U. S. 260, 35 Sup. Ct. 780, 59 L. ed. 1298, 9 N. C. C. A. 1; *Lamphere v. Oregon R. & N. Co.,* 196 Fed. 336, 47 L. R. A., N. S., 1, 116 C. C. A. 156.)

But one engaged in an employment upon an article which may ultimately become an element of interstate commerce, but which is too remote to be directly connected therewith, or incidental thereto, is not engaged in interstate commerce within the meaning of the act. (*Delaware, L. & W. R. Co. v. Yurkonis,* 238 U. S. 439, 35 Sup. Ct. 902, 59 L. ed. 1397; *Chicago, B. & Q. R. Co. v. Harrington,* 241 U. S. 177, 36 Sup. Ct. 517, 60 L. ed. 941, 11 N. C. C. A. 992; *Lehigh Valley R. Co. v. Barlow,* 244 U. S. 183, 37 Sup. Ct. 515, 61 L. ed. 1070; *Shanks v. Delaware, L. & W. R. Co., supra; Minneapolis & St. L. R. Co. v. Winters,* 242 U. S. 353, 37 Sup. Ct. 170, 61 L. ed. 358; *New York C. & H. R. R. Co. v. Carr, supra.*)

372 · Kinzell *v.* Chicago etc. Ry. Co. [31 Idaho,

Opinion of the Court—Rice, J.

It is well settled that new construction of either roadbed or equipment, designed ultimately to be used in interstate commerce, is not, while in the process of building, an instrument of interstate commerce, and one injured while employed about the same is not within the terms of the act. (*Raymond v. Chicago, M. & St. P. R. Co., supra; Bravis v. Chicago, M. & St. P. R. Co.,* 217 Fed. 234, 133 C. C. A. 228; *Minneapolis & St. L. R. Co. v. Nash,* 242 U. S. 619, 37 Sup. Ct. 239, 61 L. ed. 531; *New York C. R. Co. v. White,* 243 U. S. 188, Ann. Cas. 1917D, 629, L. R. A. 1917D, 1, 37 Sup. Ct. 247, 61 L. ed. 667; *Chicago & E. R. Co. v. Steele,* 183 Ind. 444, 108 N. E. 4; *McKee v. Ohio etc. R. Co.,* 78 W. Va. 131, 88 S. E. 616.)

In the case of *Louisville etc. R. Co. v. Parker, supra,* it is said: "The business upon which the deceased was engaged at the moment was transferring an empty car from one switch track to another. This car was not moving in interstate commerce, and that fact was treated as conclusive by the court of appeals. In this the court was in error, for if, as there was strong evidence to show and as the court seemed to assume, this movement was simply for the purpose of reaching and moving an interstate car, the purpose would control and the business would be interstate." (*New York C. & H. R. R. Co. v. Carr, supra.*)

We are of the opinion that constructing a fill to take the place of a trestle which is being used in interstate commerce is new construction, and that the fill does not become a part of the railroad until it is completed and the track is placed upon it instead of upon the trestle. (*United States v. Chicago, M. & P. S. R. Co.,* 219 Fed. 632; *Dickinson v. Industrial Board of Illinois,* 280 Ill. 342, 117 N. E. 438.) *Columbia & P. S. R. Co. v. Sauter,* 223 Fed. 604, 139 C. C. A. 150, is not to the contrary, for in that case the main purpose of the work was directly connected with the transportation of interstate commerce.

It is suggested that the material composing the fill necessarily added support to the trestle in the course of the construction thereof. This is an inference which does not follow

from the testimony in the case. But if it were true, it is but an incident to the work of making the fill and not a purpose in view in its construction. It is true one of the duties of respondent was to remove dirt and rocks from the track, which lodged thereon when the cars were dumped and which might, if allowed to accumulate, interfere with inter-state commerce. This, however, was but an incident to the work of constructing the fill and did not change the character of the employment. The object of the work, as pointed out in the Parker case, is controlling.

It follows that respondent does not come within the provisions of the federal statute, and that the action cannot be maintained. The judgment is reversed, with instructions to dismiss the action. Costs awarded to appellant.

Budge, C. J., and Morgan, J., concur.