GEORGE SEAVER, Respondent, v. JOHN BARTON PAYNE, Director-General of Railroads, Appellant.

Third Department, November 16, 1921.

Railroads.— Federal Employers' Liability Act — interstate commerce — employee injured while engaged in construction of new turntable and not while making repairs to old one used in interstate commerce not entitled to relief under Federal Employers' Liability Act — use of old table while constructing new one does not change rule.

A laborer injured while employed by a railroad company in the excavation incident to the enlargement of a turntable used in interstate commerce, was working on new construction and was not, therefore, engaged in interstate commerce, so as to entitle him to relief under the Federal Employers' Liability Act, where it appears that the purpose of the company was to install in place of a hand-operated turntable, seventy feet in diameter and weighing eighty tons, one that was one hundred feet in diameter, electrically operated and weighing one hundred tons.

The fact that the old table was used during the construction of the new one does not bring said laborer within the act.

APPEAL by the defendant, John Barton Payne, Director-General of Railroads, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Franklin on the 13th day of November, 1920, upon

the verdict of a jury for $9,200, and also from an order entered in said clerk's office denying defendant's motion to set aside the verdict and for a new trial, made upon the minutes.

*Cantwell & Cantwell* [*John M. Cantwell* and *E. W. Lawrence* of counsel], for the appellant.

*George J. Moore* [*John M. Stark* and *Robert W. Upton* of counsel], for the respondent.

COCHRANE, J.:

The plaintiff has recovered a verdict under the Federal Employers' Liability Act (35 U. S. Stat. at Large, 65, chap. 149, as amd. by 36 id. 291, chap. 143) for injuries received while working at a turntable of the Rutland Railroad Company at Malone, N. Y. He claims to have received the injuries because of the negligence of the said company. The Rutland Railroad Company was engaged in interstate commerce between the States of New York and Vermont. For the plaintiff to sustain his judgment it is necessary for him to establish that he also at the time of his injury was engaged in interstate commerce as an employee of the railroad company.

At the time of the accident there had been and was a turntable in constant use as an instrumentality of interstate commerce. Engines operating in both States were daily driven onto this turntable which was operated in connection with their ordinary and general use.

The turntable was seventy feet in diameter. At the time of the accident it was being enlarged to ninety feet in diameter. An excavation ten feet wide and eight feet deep was being made around the circumference of the old structure. A concrete wall was constructed around the outer edge of this enlarged excavation. The work of excavation and concrete construction was being made in sections. Plaintiff was removing the excavated dirt with a wheelbarrow when he received his injuries. Twelve or thirteen men were employed in the work. It extended over a period exceeding one month. The old table, which weighed about eighty tons, was to be replaced by a new one weighing about one hundred tons. Everything was to be removed from the center of the pit. The pit itself was substantially all that would be left. The

old turntable was operated by hand power. The new one was to be operated by electric power.

Did the work being done as above described constitute repairs to the old turntable or was it the construction of a new one? On the answer to this question depends the plaintiff's right to recover. (*Pedersen* v. *Delaware, L. & W. R. R.*, 229 U. S. 146.) In *Raymond* v. *Chicago, Milwaukee & St. Paul R. Co.* (243 U. S. 43) the plaintiff was injured while working in a tunnel which was only partially bored and it was held that he was not entitled to recover because the tunnel was not yet in use as an instrumentality of interstate commerce.

In *New York Central R. R. Co.* v. *White* (243 U. S. 188) it was held as follows: " The admitted fact that the new station and tracks were designed for use, when finished, in interstate commerce does not bring the case within the Federal act. * * * Decedent's work bore no direct relation to interstate transportation, and had to do solely with construction work, which is clearly distinguishable, as was pointed out in *Pedersen* v. *Delaware, Lackawanna & Western R. R. Co.*, 229 U. S. 146."

In *Kinzell* v. *Chicago, Milwaukee & St. Paul R. Co.* (250 U. S. 130) the plaintiff was injured while engaged in the work of constructing an earthen fill to take the place of a wooden trestle over which interstate trains were passing at the time of the accident. The Supreme Court of Idaho (31 Idaho, 365) held " that constructing a fill to take the place of a trestle which is being used in interstate commerce is new construction, and that the fill does not become part of the railroad until it is completed and the track is placed upon it instead of upon the trestle." The United States Supreme Court reversed the Idaho Supreme Court on the ground that at the time of the accident the fill had proceeded to such an extent that the newly placed earth interfered with the tracks on which interstate trains were passing and that the work of the plaintiff was to keep the tracks free from such obstruction. On that ground it was held that the plaintiff was engaged in interstate commerce, but there was no criticism of the determination of the State court that the construction of the fill to take the place of the trestle was new construction and to that extent was not interstate commerce work.

It seems quite clear in view of the facts heretofore recited that the plaintiff was engaged in new construction. In no just or proper sense can it be said that the railroad company was repairing the old turntable. The latter was not merely being renewed or restored. It was not only being materially enlarged but, as we have seen, the entire structure was undergoing a change for the purpose of establishing its adaptability to the enlarged structure. An electrically operated turntable ninety feet in diameter and weighing one hundred tons can hardly be characterized as repairs to a hand-operated turntable seventy feet in diameter and weighing eighty tons. The new structure was more than a substitute for the old one. Its functions were materially different. It permitted the use of larger engines and cars. Its purpose was to afford facilities beyond the capacity of the old structure. It did not contemplate the same kind of work which the old structure had performed but it contemplated a development of railroad activities beyond the possibilities of the old structure. The question is practically the same as if the new turntable was being built in another locality. In its essential features this was new construction and within the authorities the plaintiff was not, therefore, engaged in interstate commerce. Moreover, his work pertained exclusively to excavating outside of the old turntable and in no aspect of the case did it have anything to do therewith. The fact that the old turntable was being used while the new one was being constructed does not affect the question. The new structure had not yet become an instrumentality of interstate commerce.

The judgment and order should be reversed and complaint dismissed, with costs.

JOHN M. KELLOGG, P. J., H. T. KELLOGG and KILEY, J., concur; VAN KIRK, J., not sitting.

Judgment and order reversed and complaint dismissed, with costs.