## Preston v. Louis des Cognets & Co.

Jan. 12, 1943.

F. Douglass Curry for appellant.

J. J. Bradley for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

The appellant (plaintiff below) brought this action against appellee (defendant below) to recover overtime compensation, liquidated damages and attorney fees under the provisions of the Fair Labor Standards Act, 52 Stat. 1060, 29 U. S. C. A. Section 201 et seq. The trial court sustained a demurrer to the petition on the ground that the facts set out therein are insufficient to bring the plaintiff within the provisions of the Act.

It is alleged that defendant is a corporation organized and existing under and by virtue of the laws of the Commonwealth of Kentucky with its principal office in Lexington, Kentucky, and that by its charter it is authorized to engage generally in construction work, including the building of state and national highways, bridges and the like, and other means of communication between the several states, and was "actually engaged in interstate commerce to-wit: the building of roads, highways, bridges and arteries of commerce and at all times mentioned hold itself out as a builder of same and maintained an organization for that purpose." It is further alleged that from the 24th day of October, 1938, and prior thereto, until the —— day of April, 1941, plaintiff was employed by defendant in the capacity of night watchman at its place of business in Lexington, and that his duties consisted in watching said plant, including the equipment used in the construction of roads, etc., and the repair shop maintained for the repairing of equipment of the office and yard in which the materials were kept; that as part of his duties he was required to clean the office where the business of the company was transacted, and was required to and did work at said plant (here setting out hours and time, overtime, etc.) It is further stated that defendant was engaged in commerce

within the meaning of the Act and that the plaintiff as employee of defendant was engaged in such commerce and an integral part of interstate commerce. He then set out the wages, sums, etc., which he received and the further or additional sums he should have been paid according to the Act. He prayed to recover of defendant the sum of $1,537.04 representing overtime wages for which he had not been paid, and a like sum as liquidated damages, and reasonable attorney fees.

It is the contention of defendant that once the legal conclusions are eliminated the petition contains no statement of facts conducing to show that either plaintiff or defendant was engaged in interstate commerce activities such as are required to bring either of them within the purview of the Act. The only allegation of facts stated in the petition is that defendant was engaged in the construction of state and national highways and that plaintiff was employed by defendant as a night watchman at its place of business and that his duties consisted in watching the plant including the equipment and other property, and to clean the office of appellee. It is not alleged that defendant was engaged in the manufacture of goods, or some sort of merchandise or commodity, and that such production was for interstate commerce; nor is it shown that any goods were then or will be transported or shipped over the alleged national or interstate highway. As was said in the case of Warren-Bradshaw Drilling Co. v. O. V. Hall, 63 S. Ct. 125, 126, 87 L. Ed.—:

> "The application of the Act depends upon the character of the employees' activities. A. B. Kirschbaum Co. v. Walling, supra, 316 U. S. [517], at page 524, 62 S. Ct. [1116], at page 1120, 86 L. Ed. [1638]. The burden was therefore upon respondents to prove that in the course of performing their services for petitioner and without regard to the nature of its business, they were, as its employees, engaged in the production of goods, within the meaning of the Act, and that such production was for interstate commerce."

It is insisted for plaintiff that an allegation that the defendant was engaged in interstate commerce and that plaintiff was employed in the production of goods for commerce are allegations of ultimate facts and are sufficient to support a cause of action. As support plaintiff cites in his brief the case of Pritsky v. Greenburg, Inc.,

N. Y. Supreme Court, 4 W. H. R. 729. We have made diligent search for this case, but we have been unable to find it in any publication. But assuming that the citation is correct and the case tends to support plaintiff's position, yet we think the rule is out of harmony with the rule of practice prevailing in this jurisdiction, and many others. But conceding, arguendo, that the rule is sound, yet no such allegation appears in the complaint under consideration. And furthermore, the allegation that defendant and plaintiff were engaged in interstate commerce is followed by the language: "to-wit: the building of roads, highways, bridges and arteries of commerce * * *," thus showing that the allegation is a mere conclusion based upon the fact that defendant was engaged in the construction of highways.

It is admitted in brief for plaintiff that the demurrer could have been sustained on the ground that the Act does not cover construction companies engaged in work on highways, bridges and other arteries of commerce, as was held in the case of Pedersen v. J. F. Fitzgerald Const. Co., 173 Misc. 188, 18 N. Y. S. (2d) 920; Id., 262 App. Div. 665, 30 N. Y. S. (2d) 989, 991, but counsel insists that the dissenting opinion in that case expresses the better view. However, we are inclined to follow the majority opinion. It was held in that case that a construction company engaged in the construction of highways, national and otherwise, railroads, bridges, etc., does not come within the purview of the Act. The court said:

> "While the railroad company was obviously engaged in interstate commerce, the defendant was an independent contractor employed by the railroad to perform work clearly local in its character and separate and distinct from such commerce. Browning v. [City of] Waycross, 233 U. S. 16, 22, 34 S. Ct. 578, 58 L. Ed. 828. Plaintiffs were at no time employed by the railroad company. We have no such situation as found in Pedersen v. Delaware, L. & W. R. Co., 229 U. S. 146, 33 S. Ct. 648, 57 L. Ed. 1125, Ann. Cas. 1914C, 153, for there the work was being prosecuted by a railroad engaged in interstate commerce and the work was so clearly connected with it as to be a part thereof. Here, the defendant was not engaged in interstate commerce and was simply performing local construction work which was

neither an interstate occupation nor commerce. General Railway Signal Co. v. Commonwealth of Virginia ex rel. State Corporation Commission, 246 U. S. 500, 38 S. Ct. 360, 62 L. Ed. 854. Interstate commerce means interstate commercial intercourse, and while defendant, pursuant to its contract, was engaged in work upon an instrumentality of interstate commerce, the performance of such work does not constitute such commerce. McKee v. Ohio Valley Electric R. Co., 78 W. Va. 131, 88 S. E. 616."

Plaintiff cites a number of other cases holding that employees, whose duties were similar to those of plaintiff, were covered by the Act, but in all these cases it was shown that the duties or work performed had some connection with interstate commerce. In the case of Foster v. National Biscuit Co., D. C., 31 F. Supp. 552, the allegation of the petition was that the defendant was a foreign corporation engaged in interstate commerce. The court held such allegation insufficient under the cases of Louisville & N. R. Co. v. Rice, 247 U. S. 201, 38 S. Ct. 429, 62 L. Ed. 1071; Foster & Kleiser Co. v. Special Site Sign Co., 9 Cir. 85 F. (2d) 742; Federal Trade Comm. v. American Tobacco Co., 264 U. S. 298, 44 S. Ct. 336, 68 L. Ed. 696, 32 A. L. R. 876. Many other authorities of a like or similar nature might be cited, but we deem it unnecessary to further extend this opinion by citation of cumulative authorities. The authorities supra, as well as sound reasoning, impel us to the conclusion that the facts set out in plaintiff's petition are insufficient to constitute a cause of action.

Wherefore, the judgment is affirmed.