## J. F. Schneider & Son, Inc. v. Justice.

Feb. 5, 1943.

Arthur Rhorer and H. L. Bryant for appellant.

Robert J. Watson for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

This is an action filed in the Bell Circuit Court by appellee and plaintiff below, T. E. Justice, against appellant and defendant below, J. F. Schneider & Son, Incorporated, whereby plaintiff sought to recover from defendant an alleged balance due him of $96.03 for overtime service performed by plaintiff for defendant as its employee in its business of slaughtering animals for human food to be sold to retailers—all of which overtime service plaintiff alleged was in violation of the federal "Fair Labor Standards Act of 1938." If such violation of that act was true, and the service was performed within the purview of the word "commerce," as defined by that act, then under subsection (b) of section 16 thereof, 29 U. S. C. A. sec. 216(b), the employee may recover against his employer—in addition to compensation for excess service—double that amount as liquidated damages, and also a "reasonable attorney's fee to be paid by the defendant." The petition, therefore, sought judgment against defendant for his alleged overtime compensation, plus the same amount as liquidated damages, and also for a reasonable attorney's fee (which was al-

leged to be $100) totaling the amount of $292.06. Defendant demurred to the petition, which the court overruled, and upon its failure to plead further judgment was rendered against it for $242.06, the court fixing the attorney's fee at $50. Defendant filed the transcript in this court with a motion for appeal, and plaintiff resists its granting upon the ground, as contended by his counsel, that in measuring the amount involved to give this court appellate jurisdiction, neither the provided penalty as liquidated damages, nor the attorney's fee may be taken into account; and briefs for plaintiff discuss only that single jurisdictional question, devoting no argument to the merits involving the sufficiency of the petition. Consequently we, in disposing of the case, will first dispose of that jurisdictional objection.

The argument of plaintiff's counsel that the provided liquidated damages of double the amount of alleged overtime service, plus the amount of a reasonable attorney's fee—both of which are provided for in the Federal Act—are neither to be considered in computing the jurisdictional amount for an appeal, is most nonconvincing, since both of such items of recovery by plaintiff are expressly provided for in the act, as much so as deficiency in compensation. They are all grouped by the act as component parts for which entire recovery may be had. Neither of those items is recoverable at all, unless compensation for overtime service is due under the act. When so, those two items compose the total amount for which recovery may be had the same as the amount of compensation sued for. Therefore, they may be considered as grafted in the overtime compensation sought to be recovered, and when done the total amount of all three items becomes integral parts of the aggregate sum sought to be recovered.

But, it is insisted that, even so as to the provided liquidated damages, it is not true as to the attorney's fee, since it, as argued, is but an item of cost of the action, and as such can not be considered in estimating the amount involved, necessary to give this court jurisdiction of an appeal. As an original proposition—and without any reference to the Federal Act—we would still be disinclined to accept that argument. But the language of the act in providing for the recovery of a reasonable attorney's fee by plaintiff in such actions refutes that contention. It is: "The court in such action shall, in

addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, *and* costs of the action." It will be observed that the language is not "*as* costs of the action." On the contrary the "costs of the action" is in addition to the amount of the claim for compensation, plus the amount of the liquidated damages, and plus also the amount of a reasonable attorney's fee—all of which plaintiff may recover; and in addition to all three of such items he may likewise recover "costs of the action."

It is therefore clear that it was the intention of Congress, in the enactment of the statute, to include all three of the separate items for which recovery might be had against the employer independently of "costs of the action." Under our statute measuring the jurisdiction of this court (section 950-1 of Baldwin's Revision of Carroll's Statutes and section 21.060 KRS) *court* costs (or costs of the action) are not to be included in estimating the amount necessary to give this court jurisdiction. But, since the federal act clearly indicates, as we have pointed out, that the reasonable attorney's fee to be allowed was not intended to be "costs of the action," it necessarily follows that it is an integral part of the amount sought to be recovered, and is not to be considered as "costs of the action." It is, therefore, concluded that the amount involved in this case—being $242.06 —is sufficient to give this court jurisdiction of the appeal, and the motion therefor is sustained—which leaves for determination the sufficiency of the petition to which the court overruled a demurrer.

That pleading avers "that the defendant is engaged in the business of slaughtering cattle and other stock, preparing it for sale on the retail market" etc.; and that "he was an employee of the defendant company from October 24, 1938, and was regularly employed by the defendant from that time until June 24, 1939." He then sets out his agreed wages for a full day's work and the extra labor he was required to perform over and above that specified in the federal statute, supra, which, according to his calculation, amounted to the $96.03 he sued for. But the petition nowhere averred that the business conducted by defendant was interstate business, or that the production of any such enterprise was to be used in interstate commerce. Neither did it aver that the particular kind or nature of employment

that plaintiff performed was essential to or a part of any such interstate commerce, and for which reasons the petition was clearly insufficient to sustain his alleged cause of action as based on the statute.

Such allegations are held to be requisite under the statute to sustain the cause of action in favor of plaintiff against his employer, as was held in the cases of Baggett v. Henry Fisher Packing Company, D. C., 37 . F. Supp. 670, and cases cited therein, and in Preston v. Louis des Cognets & Company, 292 Ky. 646, 167 S. W. (2d) 863, also cases cited in Note 5 to section 206 of the Federal Code (29 U. S. C. A.), which is a part of the Federal Fair Labor Standards Act, providing for this character of action; c. f. also the cases of Louisville & Nashville Railroad Co. v. Rice, 247 U. S. 201, 38 S. Ct. 429, 62 L. Ed. 1071; Foster & Kleiser Co. v. Special Site Sign Co., 9 Cir., 85 F. (2d) 742; Federal Trade Comm. v. American Tobacco Co., 264 U. S. 298, 44 S. Ct. 336, 68 L. Ed. 696, 32 A. L. R. 876, all of which are cited in the Preston opinion. It will, therefore, be seen that plaintiff made no allegations in his petition sufficient to bring his cause of action under the Federal Fair Labor Standards Act, 29 U. S .C. A. sec. 201 et seq., and for which reason the court erred in overruling defendant's demurrer filed thereto, the proper order being that it should have been sustained.

The act, in so far as it fixes the liquidated damages, mandatorily recoverable, at double the amount of overtime compensation sued for, is, to say the least of it, extremely harsh and which would not have received the writer's vote if he had been a member of the Congress which enacted it.

But as was held by us in the case of Harrison v. Herzig Building & Supply Co., 290 Ky. 445, 161 S. W. (2d) 908, Congress had the constitutional right to so prescribe, and until amended courts are required to enforce it.

Wherefore, for the reasons stated the judgment is reversed with directions to set it aside and to then sustain defendant's demurrer to the petition, followed by other proceedings not inconsistent with this opinion.