### BRAVIS v. CHICAGO, M. & ST. P. RY. CO.

(Circuit Court of Appeals, Eighth Circuit. October 12, 1914.)

No. 4163.

(*Syllabus by the Court.*)

**1. COMMERCE (§ 27*)—INTERSTATE COMMERCE—INJURIES TO SERVANT—FEDERAL EMPLOYERS' LIABILITY ACT.**

The federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. 1913, §§ 8657–8665]) protects only those employed in interstate commerce. Those employed in the preparation or construction of roadbeds, rails, ties, cars, engines, and other instrumentalities which are intended for use in interstate commerce, but have never been and are not in use therein, are not employed in interstate commerce and are not protected by that act.

An employé engaged in the construction of a bridge, 600 feet distant from a railroad, on a cut-off more than a mile in length, which had never been provided with rails or used as a railroad, is not employed in interstate commerce, although his employer is so engaged and intends to use the cut-off therein when completed.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 25; Dec. Dig. § 27.*

Employés engaged in interstate commerce within Employers' Liability Act, see note to Baltimore & O. R. Co. v. Darr, 124 C. C. A. 571.]

**2. PLEADING (§ 369*)—INCONSISTENT CLAIMS—ELECTION OF CAUSES.**

Where at the close of the plaintiff's evidence, in an action for negligence by an employé upon a complaint which in a single count sets forth a cause of action under the state law, the plaintiff so amends his complaint as to make it state in a single count a cause of action under the federal Employers' Liability Act, he thereby makes an election to abandon his cause of action under the state law and to rely on his cause of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

action under the federal act, which he is estopped from revoking or repudiating after a directed verdict against him on his pleading and evidence.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1199–1209; Dec. Dig. § 369.*]

In Error to the District Court of the United States for the District of Minnesota; Charles A. Willard, Judge.

Action by Nick Bravis against the Chicago, Milwaukee & St. Paul Railway Company. Judgment for defendant, and plaintiff brings error. Affirmed.

The plaintiff relies for a reversal of this case upon the single alleged error that at the close of his case the court directed a verdict for the defendant, on the ground that he had alleged and elected to claim a cause of action under the federal Employers' Liability Act and had failed to prove that the plaintiff at the time of his injury was employed by the defendant in interstate commerce. These were the facts relative to this question which had been proved when the court directed the verdict. The plaintiff had pleaded a cause of action for negligence of the defendant, but had not alleged that either the plaintiff or the defendant was engaged in interstate commerce when the trial commenced and the plaintiff's evidence was introduced. At the close of his evidence he amended his complaint by adding thereto allegations that at the time of the accident the plaintiff was employed by the defendant in interstate commerce and the defendant was engaged therein. Thereupon the defendant admitted that it was engaged in interstate commerce, and denied that it employed the defendant in interstate commerce, and the court held that there was no substantial evidence in the case that it did so. The evidence upon that subject presented this state of facts: The defendant owned and operated a railroad with a single track from Hopkins, Minn., to Aberdeen, S. D., a distance of about 277 miles, and was conducting interstate and intrastate commerce over it. There were many curves in the railroad, and the company was engaged in straightening and laying double tracks over it. At a place about 4 miles west of Chanhassen, Minn., it was building a cut-off from the railroad on one side of a curve about 3 miles in length to a point on the other side of it. It had laid the roadbed, but no rails, on this cut-off, and was building a concrete bridge upon it for a cattle pass at a point about 600 feet south of the railroad. The plaintiff was employed by the defendant in building this bridge. He boarded in a camp at Chanhassen, went on a hand car furnished by the defendant from Chanhassen to a point on the railroad north of the bridge, and thence walked to his work, and in the evening walked back to the railroad and returned on the hand car to the camp. The gang in which he was employed consisted of about 15 men, and they used two hand cars to transport themselves from and to Chanhassen. As they were returning to camp one evening, the plaintiff, who with his companions was engaged in pumping the forward hand car, fell off the rear of it, and the rear hand car ran over him and injured his right hand before the men upon it could stop it after they saw him.

Maurice Rose, of Minneapolis, Minn. (George B. Leonard, of Minneapolis, Minn., on the brief), for plaintiff in error.

F. W. Root, of Minneapolis, Minn. (Nelson J. Wilcox, of Minneapolis, Minn., on the brief), for defendant in error.

Before SANBORN, Circuit Judge, and TRIEBER and REED, District Judges.

SANBORN, Circuit Judge (after stating the facts as above). The chief contention of counsel for plaintiff in support of their specifica-

tion of error in this case is that the facts established by the evidence sustain the conclusion that the plaintiff was employed in interstate commerce while constructing the bridge on the cut-off. But there were no rails on the roadbed on this cut-off. It never had been used, it was not then used, and until it should be ironed it could not be used, by the defendant in interstate commerce. The mere fact that it was the purpose and intention so to use it at some future time did not make it an instrumentality of interstate commerce. That purpose and intention might be changed, and it might never be used in interstate commerce, or at all. The argument that the building of the cut-off was the mere correction or prevention of a defect or insufficiency of the defendant's instrumentality for conducting interstate commerce is too remote and inconsequential to convince. The building of such a cut-off is new construction for use in interstate commerce, as much as the building of a new engine or car on plans prescribed by a railroad company to run over the cut-off or to take the place of an engine or car worn out in interstate commerce would be.

[1] The federal Employers' Liability Act protects only those employed in interstate commerce. Those employed in the preparation or construction of roadbeds, rails, ties, cars, engines, and other instrumentalities which are intended for use in interstate commerce, but have never been and are not in use therein, are not employed in interstate commerce, and are not protected by that act. There was no error in the ruling of the trial court that an employé engaged in the construction of a bridge, 600 feet distant from a railroad, on a cut-off more than a mile in length, which had never been provided with rails or used as a railroad, was not employed in interstate commerce, although his employer was engaged, and when the cut-off should be completed intended to use it, in interstate commerce. Pedersen v. Delaware, Lackawanna & Western R. R. Co., 229 U. S. 146, 152, 33 Sup. Ct. 648, 57 L. Ed. 1125; Wabash R. R. Co. v. Hayes, 234 U. S. 86, 34 Sup. Ct. 729, 58 L. Ed. 1226, filed May 25, 1914; Jackson v. Chicago, Milwaukee & St. Paul Ry. Co. (D. C.) 210 Fed. 495.

Counsel cite San Pedro, L. A. & S. L. R. Co. v. Davide, 210 Fed. 870, 127 C. C. A. 454, to the point that the plaintiff was employed in interstate commerce when he was injured, because he was assisting to run the hand car and to keep it out of the way of interstate commerce moving over the railroad. But in Davide's Case the employé was employed in interstate commerce during the day, and the court held that his employment extended from the time he started from his camp on the hand car in the morning until he returned to the camp at night. The plaintiff was not employed in interstate commerce during the day, and by the same mark he was not so employed while he was going on the hand car to and returning from his work. He bore the same relation to the defendant while he was on the hand car that he would have borne to it if he had walked on the railroad with its permission and at his own risk on his way to and from his work.

[2] It is said that the complaint, after its amendment, stated a good cause of action under the state laws and also under the federal Employers' Liability Act, and it is insisted in view of that fact that the

court erred in directing the verdict. This case does not present a complaint where, in separate counts, a cause of action is pleaded under the federal act and another under the state law, and no election is made, and we do not determine the effect of a motion for a directed verdict in such a case. It presents a case in which the plaintiff at the close of his own case so amended his complaint, which stated in a single count a cause of action under the state law, as to make it state a cause of action under the federal Employers' Liability Act. The plaintiff thereby elected to abandon his cause of action under the state law and to insist upon a recovery under the federal act. The defendant then moved for a directed verdict, and the court could not lawfully escape the decision of the only question thus presented, the question whether or not the evidence sustained the cause of action which alone the plaintiff had then pleaded and on which he had elected to rely. There was no error in its decision of that issue, and the plaintiff was estopped from repudiating his election. St. Louis, I. M. & S. Ry. Co. v. Hesterly, Adm'r, 228 U. S. 702, 33 Sup. Ct. 703, 57 L. Ed. 1031; Union Pacific Ry. Co. v. Wyler, 158 U. S. 285, 15 Sup. Ct. 877, 39 L. Ed. 983; Northern Pacific Ry. Co. v. Slaght, 205 U. S. 122, 131, 27 Sup. Ct. 442, 51 L. Ed. 738; Matz v. Chicago & A. R. R. Co. (C. C.) 88 Fed. 770; Whalen v. Gordon, 95 Fed. 305, 314, 37 C. C. A. 70, 79.

Let the judgment below be affirmed.