(No. 12565.—Judgment affirmed.)

THOMAS D. HEED, Receiver, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(THOMAS S. PIERCE, Defendant in Error.)

*Opinion filed April 15, 1919.*

1. WORKMEN'S COMPENSATION—*an employee injured in inter-State commerce is not entitled to award under Compensation act.* If an employee is engaged in inter-State commerce at the time of his injury he is not entitled to compensation under the Workmen's Compensation act, and his remedy must be confined to the Federal Employers' Liability act even if he has no right of action under it.

2. SAME—*when an employee is not engaged in inter-State commerce.* An employee engaged to perform the ordinary duties of a janitor in the shops of a railroad company is not engaged in inter-State commerce although the shops contain machinery for repairing engines which haul trains both in inter-State and intra-State commerce.

3. SAME—*verbal notice of a claim for compensation is sufficient—burden of proof.* Verbal notice of a claim for compensation is sufficient under the Workmen's Compensation act, but the burden is on the claimant to prove that a claim was made within six months after the accident.

4. SAME—*Supreme Court cannot review finding of fact by the Industrial Board.* The Supreme Court has no power to review a finding of the Industrial Board on a question of fact where there is competent evidence on which such finding may be based.

5. SAME—*what opinions as to extent of injury are competent.* Opinions of physicians as to the extent of an injury are not incompetent where they are based on personal examination and not on merely subjective symptoms.

WRIT OF ERROR to the Circuit Court of Douglas county; the Hon. GEORGE A. SENTEL, Judge, presiding.

H. M. STEELY, and H. M. STEELY, JR., for plaintiff in error.

CHARLES W. WORTMAN, and CLARK & HUTTON, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of Douglas county confirmed an award of the Industrial Board to the defendant in error, Thomas S. Pierce, for an accidental injury to his left hand received in the employment of W. J. Jackson, receiver of the Chicago and Eastern Illinois Railroad Company, of which the plaintiff in error, Thomas D. Heed, is now receiver, and certified that the case was one proper to be reviewed by this court.

The grounds urged for the reversal of the judgment are: (1) That Thomas S. Pierce was engaged in inter-State commerce at the time of the accident; (2) that no notice of a claim for compensation was given within six months after the accident; (3) that the award is excessive in amount; (4) that improper evidence was admitted, causing an excessive award.

Concerning the nature of the commerce in which Pierce was employed, the facts are as follows: He performed the ordinary duties of a janitor in the shops of the company at Villa Grove. His work was sweeping, cleaning up, building fires in stoves during cold weather, helping to load scrap-iron and doing other work of that kind. The shops contained lathes, planers and machinery, and slight repairs were there made upon engines which ran in and out of Villa Grove. The engines hauled trains both in inter-State and intra-State commerce. On the morning of February

6, 1916, Pierce came to the shops and was splitting and breaking up kindling wood for the purpose of building fires in the stoves when a splinter flew from a board and struck the middle finger of his left hand.

If Pierce was engaged in inter-State commerce at the time of the accident he was not entitled to compensation under the State law and any remedy for his injury would be confined to the Federal Employers' Liability act, even if he would have no right of action under that act. (*New York Central Railroad Co.* v. *Winfield,* 244 U. S. 147; *Erie Railroad Co.* v. *Winfield,* id. 170.) Slight repairs were made in these shops to engines which were engaged in both classes of commerce, and the facts bring the case within the rule declared in *Minneapolis and St. Louis Railroad Co.* v. *Winters,* 242 U. S. 353. In that case a machinist's helper engaged in making repairs in the round-house upon an engine which had been used in hauling freight trains in both inter-State and intra-State freight, and which was used in the same way after the accident, was held not to be employed in inter-State commerce within the meaning of the Federal Employers' Liability act. The court said that an engine, as such, is not permanently devoted to any kind of traffic, and its character as an instrument of commerce depends upon its employment at the time and not upon remote probabilities or accidental later events; that the case was not like repairs on a road permanently devoted to commerce between the States, nor like the case of an engine interrupted in an inter-State haul and then to go on again with the haul. Pierce was not engaged in inter-State commerce.

The burden was on Pierce to prove that he made a claim for compensation within six months, but a verbal notice is sufficient. (*Bushnell* v. *Industrial Board,* 276 Ill. 262; *Conway Co.* v. *Industrial Board,* 282 id. 313.) He gave a written notice of his claim for compensation on August 7, 1916,—one day after the expiration of six months from

the accident,—but he testified that he also gave a verbal notice to the claim agent of the railroad company on April 1, 1916, while he was being treated for his injury in Chicago, where the railroad company had sent him for that purpose. His testimony that verbal notice was given was disputed by the claim agent and another witness, but the Industrial Board found the fact to be as testified by Pierce, and we have no power to review or set aside the finding as to that question of fact.

The claim that the compensation awarded was excessive is that the testimony of a doctor practicing generally and one practicing as an osteopath, who made personal examinations of the hand for the purpose of testifying, was not as reliable as that of the doctor who treated Pierce at the time of the injury and afterward. The award was justified by the opinion, derived from a personal examination, that there was limited action of the fingers, and especially of the middle finger, which was permanent and which disqualified Pierce from ordinary uses of the hand. The evidence for the railroad company was that Pierce made considerable use of his hand while working on a farm and mixing cement, and that if he would use his hand it would improve and he would have reasonable use of it for ordinary purposes. Pierce also testified to inability to close his fingers and make practical use of the hand, and the Industrial Board found according to the evidence produced by the claimant. It is not within the jurisdiction of this court to set aside the conclusion of the board as to the facts.

The final proposition that improper evidence was admitted relates to the same claim,—that an excessive award was caused by the opinions based on the personal examination. The testimony was not merely of subjective symptoms but was based on actual inspection and was not incompetent.

The judgment is affirmed.          *Judgment affirmed.*