## SAM ANGELOS v. CHICAGO, MILWAUKEE, ST. PAUL & PACIFIC RAILROAD COMPANY.[1]

August 15, 1930.

No. 27,734.

[1]Reported in 231 N. W. 922.

*F. W. Root, C. O. Newcomb, A. C. Erdall* and *W. H. & H. W. Gillitt,* for appellant.

*Peter E. Kamuchey,* for respondent.

DIBELL, J.

Action to recover for personal injuries sustained by the plaintiff while employed by the defendant in interstate commerce by railroad. There was a verdict for the plaintiff for $1,000. The defendant moved for judgment notwithstanding the verdict. The motion was denied. Judgment was then entered for the plaintiff for $1,103.17, from which the defendant appeals.

There are three questions:

(1)    Whether the evidence was sufficient to justify a finding that the plaintiff was employed by the defendant in interstate commerce at the time of his injury;

(2)    Whether the evidence sustains a finding that the defendant was negligent;

(3) Whether the evidence requires a finding that the plaintiff assumed the risks resulting in his injury.

■ The plaintiff was a section hand working in one of the defendant's yards at Milwaukee, Wisconsin. The yard had 17 tracks over which interstate and intrastate trains passed. There is no question but that these tracks were interstate tracks within the meaning of the liability act.

On June 11, 1928, the section crew was repairing tracks and taking out and putting in rails in the lead track. After taking out some rails, spikes and angle bars they put them along the shoulder of the track so that they could continue with their repair work. It became necessary in the course of their work to use a short rail. They took a full length rail and cut it in two. Each piece was about 15 feet in length. One piece was put in the track. The other was not used. The next day they gathered the material which they had not used. They took the spikes and angle bars to a scrap pile and dumped them. Rails which were not of further use were taken to a scrap pile. There were on the lead track three usable rails counting as one the half rail. They were taken to a so-called "usable pile" of full length rails a short distance and were unloaded, and in unloading the half length rail the plaintiff sustained an injury to his foot. His claim is that his injury was sustained in interstate commerce or in work so connected with it as to be substantially a part of it.

In considering whether the plaintiff was employed in interstate commerce it is to be noted that he was not engaged in the original construction of an instrumentality later to be used in interstate commerce but in putting in proper condition for use an instrumentality already devoted to interstate commerce. It is not a case of a workman working in shops to prepare an instrumentality for use in interstate commerce rather than taking care of it while it is in interstate commerce. In Pedersen v. Delaware L. & W. R. Co. 229 U. S. 146, 33 S. Ct. 648, 650, 57 L. ed. 1125, where the plaintiff sustained an injury in carrying bolts to be used in repairing a bridge, the court in sustaining a recovery said [229 U. S. 152]:

"Of course, we are not here concerned with the construction of tracks, bridges, engines or cars which have not as yet become instrumentalities in such commerce, but only with the work of maintaining them in proper condition after they have become such instrumentalities and during their use as such.

"True, a track or bridge may be used in both interstate and intrastate commerce, but when it is so used it is none the less an instrumentality of the former; nor does its double use prevent the employment of those who are engaged in its repair or in keeping it in suitable condition for use from being an employment in interstate commerce.

"The point is made that the plaintiff was not at the time of his injury engaged in removing the old girder and inserting the new one, but was merely carrying to the place where that work was to be done some of the materials to be used therein. We think there is no merit in this. It was necessary to the repair of the bridge that the materials be at hand, and the act of taking them there was a part of that work. In other words, it was a minor task which was essentially a part of the larger one, as is the case when an engineer takes his engine from the roundhouse to the track on which are the cars he is to haul in interstate commerce."

The same test was applied in Kinzell v. C. M. & St. P. Ry. Co. 250 U. S. 130, 39 S. Ct. 412, 63 L. ed. 893. The difference between that case and this is slight in its facts and ought not to be considered substantial in principle. In Cherpeski v. G. N. Ry. Co. 128 Minn. 360, 150 N. W. 1091, a section workman and his crew were engaged in taking out rails from an interstate railway and replacing them with others. Those taken out were loaded on a near-by flat-car. In loading them the plaintiff through the negligence of a coworker was injured, and it was held that he was engaged in interstate commerce and entitled to recover under the federal liability act. It seems that this is logical. The men fixing the track for interstate traffic or carrying material to it were clearly doing work so connected with interstate commerce that it was not separable; and when the materials were put in it does not

seem that it should be said that the work thus commenced was ended until they had made reasonable disposition of the unused material; or at least in a case like this the question was one of fact for the jury. This view is supported by Philadelphia B. & W. R. Co. v. McConnell (C. C. A.) 228 F. 263; Kusturin v. Chicago & Alton R. Co. 287 Ill. 306, 122 N. E. 512; Long v. Biddle, 124 Ark. 127, 186 S. W. 601; Hargrove v. Gulf, C. & S. F. Ry. Co. (Tex. Civ. App.) 202 S. W. 188; Manes v. St. Louis, S. F. Ry. Co. 205 Mo. App. 300, 220 S. W. 14. A number of cases are collected in 2 Roberts, Fed. Liab. Carr. (2 ed.) §§ 765-766, and 10 A. L. R. 1189-1201.

■ The foreman directed and supervised the work of placing the spikes, angle bars and rails. The push car was taken to a place near-by where other rails were placed. Each of the two long rails was removed by placing one end by the use of tongs on the ground at one end of the pile and then by the use of tongs dragging the other end of the rail to the other end of the pile. The rails weighed about 900 pounds and were something like 31 feet long. The half rail which had been sawed in two at the tracks, and the other half put into the railroad bed, was removed by hand under the immediate supervision and direction of the foreman. A number of men, probably six, took the half rail, which was about 15 feet long, carried it in front of them at the belt line, walked up onto the pile of long rails, which the jury could find were irregularly piled, with crevices and holes between them, and when the men were at about the middle they, at a signal from the foreman, "stop, ready, throw," threw the half rail to the other side of the pile where ties had been prepared for it. There was a rebound of one end, and the plaintiff's foot was caught and hurt. The nature of the injury need not be discussed for it is not claimed that the verdict is excessive. The question here is whether there was negligence. That the half rail might have been put across where it was desired—and it was desired to be put beyond the long pile to prevent intermingling —with safety is obvious. It could have been handled differently by the men with their hands, or tongs might have been used, and there is evidence that it was usually or often done other than by

throwing. The question is perhaps close, but we are of the view that it was for the jury. They were under the direct supervision of the foreman and were there to obey his directions rather than to argue with him their propriety.

The defendant claims the defense of assumption of risk. The burden of proof is upon it. We are not inclined to think that it can be held as a matter of law that assumption of risk appears. The two long rails were put on the pile in the common way with the use of tongs. The foreman was at hand immediately directing how the half rail should be taken from the push car, carried onto the pile of long rails, and when thrown. Necessarily he was the master in giving directions; and if there was negligence in what he did it should not be held that the plaintiff as a matter of law assumed it.

Judgment affirmed.

[1]Reported in 231 N. W. 924.