(No. 3708—

Ross BARTHOLOMEW, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 14, 1946.*

LOUIS F. KNOBLOCK, for claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR
NEBEL, Assistant Attorney General, for respondent.

FISHER, C. J.

This claim was filed April 21, 1942. Testimony on behalf of the claimant was taken in October 1942 and was filed on January 7, 1946 after a second rule was entered on November 13, 1945 to show cause why the case should not be dismissed for want of prosecution.

The Record consists of the Complaint, Transcript of the testimony on behalf of claimant, Departmental Report, and Statement, Brief and Argument for Claimant and Respondent by respective counsel.

On October 26, 1941 claimant, Ross Bartholomew, was employed as an attendant at the Peoria State Hospital at Bartonville, Illinois. On the evening of that day, while supervising a detail of patients handling coal at the power plant of the hospital, claimant attempted to restrain a patient who tried to leave the group, and in the altercation that ensued he slipped on some loose coal, thereby sustaining an injury to his right leg and knee.

The incident and injury were immediately reported to a member of the hospital staff. Claimant was hospitalized the next day and remained in the hospital until December 11, 1941.

Claimant was employed at a salary of $63.00 per month plus maintenance valued at $24.00 per month, or a total of $1,044.00 per annum. His average weekly wage was $20.07, and his compensation rate (one-half the average weekly wage increased by 10%) would be $11.03 per week. He was paid one month's salary during his disability and furnished maintenance for six months and five days, from October 26, 1941 to April 30, 1942. This represents the total sum of $211.00.

Respondent and claimant were operating under the provisions of the Workmen's Compensation Act, and the accident arose out of and in the course of the employ-

ment. No jurisdictional questions are involved.

The only question presented for determination is, whether claimant is entitled to any award for the permanent partial loss of use of his right leg, and if so, to what extent. The record in this respect consists only of the testimony of the claimant, Dr. William J. Roche in his behalf, and the departmental report.

The Departmental Report was filed on July 29, 1942 and is signed by Dr. J. H. Ellingsworth, Managing Officer of the hospital. The report discloses that the accident was sustained by claimant as above described. Paragraphs 5 and 6 of the report concerning claimant's injuries state: ''The injury * * * was classified as mild in type. X-ray of the right knee revealed an old arthritic deformans. * * * The injury would not have disabled a sound man more than a few days. * * * He is disabled because of the old arthritis. * * * This physical disability with the fact of his age, sixty-seven (67) years, renders him incapable of the work of an attendant at the Peoria State Hospital in the supervision and care of patients, some of whom are young and active.''

Other than this report, no evidence was presented on behalf of respondent.

The claimant, testifying in his own behalf, stated he was 67 years of age, married and had no children under sixteen years of age. For many years previous to the accident on October 26, 1941 he had no difficulty with his leg from arthritis, or from any other cause. On the evening of the accident he was given a sedative which furnished him little relief from the pain. His leg swelled and turned black and blue. His knee enlarged to twice its normal size. His knee is still weak, he tires easily, and it is difficult for him to get up and down. He cannot

walk as he did prior to the accident and requires a cane for support. He cannot raise himself without support. He returned to regular employment in July 1942 when he secured work in an orchard. Prior to that he did some gardening a couple of hours from time to time. The evidence indicates that he was temporarily disabled from the date of the accident until May 1, 1942.

On cross examination claimant admitted that he had an accident in April 1935 which tore a muscle in his left knee which confined him to the hospital for seven weeks and required an operation. He also sustained an injury to his right leg in 1897 while playing baseball and although painful for three or four days the condition cleared and caused no further discomfort. In January 1941 his right shoulder was injured during an altercation with a patient when he was thrown to the cement floor.

Dr. Roche testified that he examined claimant on April 1, 1942 and found the quadriceps femoris tendon of the right leg detached from the knee cap; extensor motion was accomplished only by the vastus externus tendons and internus tendons. In his opinion, this condition of the leg was the result of trauma and will be permanent and will impair the stability of the knee and extension of the knee joint. He testified to a loss of two-thirds of motion because of a lack of muscular power required to stabilize the knee in walking or standing. In answer to a hypothetical question incorporating the facts relating to the previous injuries, as well as the circumstances relating to the present claim, he expressed the opinion that there was a causal connection between the accident and the present condition in the right knee. No objection was taken to any of this testimony.

On cross-examination Dr. Roche expressed the opinion that the arthritic deformans condition would not "play any part in the picture."

On this state of the record respondent contends that under Rule 16 the Departmental Report constituted *prima facie* evidence of the facts stated therein and clearly shows that claimant has no disability resulting from the accidental injury, and that his disability, if any, was caused by arthritis.

Respondent further argues that the testimony of Dr. Roche was partially based upon the history of the case as given to him by the claimant and was not based wholly upon objective findings, and therefore is incompetent and cannot avail claimant in sustaining the burden of proof which rests upon him to establish his claim by a preponderance of the evidence.

Claimant, in opposition to these contentions, asserts that the Departmental Report cannot be regarded as *prima facie* evidence as provided in Rule 16 because it was not prepared until after the complaint herein was filed, and hence, is not a report made or maintained by the state in the regular course of business. Claimant insists that construction of Rule 16 to the contrary would violate the spirit and purpose of the statute creating the Court of Claims.

Claimant further contends that Dr. Roche's testimony is not incompetent as contended by respondent.

Claimant's argument as to the admissibility and competency of the Departmental Report is dispelled by the clear provisions of Rule 16. Rule 16 provides that "all records and files maintained in the regular course of business by any state department, commission, board, or agency of the respondent *and all departmental reports made by any officer thereof relating to any matter or case pending before the Court* shall be *prima facie* evidence of the facts set forth therein, * * *."

The objection to the report on the ground that it

was filed after the complaint was filed herein, or for the purpose of defending a claim is without merit in view of that part of the rule which we have emphasized by italics. The construction urged by the claimant of Rule 16 is one that would preclude the parties from availing themselves of *prima facie* evidence which is frequently of material aid to this Court in hearing and properly determining claims filed with it.

On the other hand, such reports are only *prima facie* evidence of the facts contained therein, and it is the province of this court to distinguish between facts and mere conclusions, and also to determine whether such *prima facie* evidence has or has not been overcome by other evidence. To hold otherwise, where there is other competent evidence to the contrary, would, in effect, confer the power and jurisdiction of this Court on the author of the report.

The contention of respondent that claimant's disability was caused by arthritis and his age, rather than an accidental injury, finds its only support in the Departmental Report. This report, among other things, states that "this physical disability with the fact of his age, 67 years, renders him incapable of the work at the Peoria State Hospital in the supervision and care of patients, some of whom are young and active." The rather obvious comment in reply to this statement is that the claimant was regularly employed as an attendant at the hospital prior to the date he received his injury. It is not contradicted that previous thereto he had never experienced any physical disability which interfered with the satisfactory discharge of his duties.

In *Muir* v. *State*, 14 C. C. R. 191, at page 196, we quoted the principle which is applicable to this aspect

of the case from *Marsh* v. *Ind. Com.*, 386 Ill. 11, where it said:

"It is well settled that the Workmen's Compensation Act is not limited in its application to healthy employees. Where one sustains an accidental injury which aggravates a diseased condition or where, in the performance of his duties and as a result thereof, he is suddenly disabled, an accidental injury is sustained even though the result would not have obtained had the employee been in normal health."

In *Powers Storage Co.* v. *Ind. Com.*, 340 Ill. 498, at 504, the Court stated:

"His employer accepted him as an employee in the physical condition in which he was and is liable for any accidental injury occurring to him arising out of and in the course of his employment. (*Jones Foundry Co.* v. *Ind. Com.*, 303 Ill. 410.)

The contention of the respondent with respect to the competency of Dr. Roche's testimony cannot be sustained.

We recognize that Section 8 (i) of the Workmen's Compensation Act provides that an award can only be made for such injuries as are proven by competent evidence, of which there are, or have been objective conditions or symptoms proven not within the physical or mental control of the injured employee himself. Dr. Roche's testimony, derived from his personal examination, was that there was an impaired function of the right leg, and claimant also testified as to his inability to use his leg in a practical or normal manner as he could prior to the accident, which is not contradicted by any evidence in the case other than the report. This testimony, when considered in connection with all the evidence, in our opinion, meets the essential statutory and legal evidentiary requirements sufficient to overcome the *prima facie* evidence of the Departmental Report. *Heed* v. *Ind. Com.*, 287 Ill. 505, 508.

From a careful consideration of all the evidence, it would appear to the Court that a reasonable conclusion

would be that claimant has sustained a permanent and partial loss of use of his right leg to the extent of thirty-three and one-third (33 1/3) per cent. For this permanent partial loss claimant is entitled to $698.57, computed at the rate of $11.03 for 63 1/3 weeks.

Claimant, as shown by the record, suffered a temporary disability for a period of six months and five days, from October 26, 1941 to May 1, 1942. At his rate of compensation of $11.03 he was entitled to $294.66. He received salary and maintenance representing the sum of $211.00 during this period, and we find that he is entitled to an award for temporary disability for the differential of $83.66.

An award is therefore entered in favor of claimant, Ross Bartholomew, in the sum of Seven Hundred Eighty-two and 23/100 Dollars ($722.23), all of which is accrued and is payable forthwith.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."